IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JENNIFER HARDING, RENEE MCDONALD, and CHRISTIN JOHNSON, | : : : : |
| Plaintiffs, | : : |
| v. | : : Civil Action No. 7:08-cv-154 (HL) |
| PRESTIGE NISSAN, INC., | : : |
| Defendant. | : |

## ORDER

On December 16, 2009, the Court and counsel for the parties participated in a telephone conference to discuss several pending motions. Counsel for Plaintiff Christin Johnson informed the Court that Johnson has been non-responsive to her attempts to contact her regarding discovery and other matters. Counsel has not had any personal contact with Johnson for between four and six months, though she has tried to contact Johnson both in writing and via telephone. Counsel's other clients, Plaintiffs Harding and McDonald have similarly been unable to find or make contact with Johnson. In addition, Johnson failed to respond to the Defendant's written discovery, and failed to appear for her noticed deposition.

Because of Johnson's failure to communicate with her counsel and failure to participate in discovery, the Second Motion to Withdraw as Counsel for Plaintiff

Johnson (Doc. 22) is **granted**.  Marie A. Mattox, James P. Garrity, and the law firm of Marie A. Mattox, P.A. are allowed to withdraw as counsel for Johnson.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a plaintiff is required to diligently prosecute his lawsuit.  If he fails to do so, the court may dismiss his case on that basis.  The Supreme Court of the United States has recognized the inherent power and authority of the district courts to dismiss cases in which the plaintiff has failed to fulfill his duty to diligently prosecute his action, stating:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of a failure to prosecute cannot seriously be doubted.  The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.

Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) (footnote omitted).

Under the circumstances of this case, the undersigned finds that Johnson has willfully failed to prosecute her lawsuit.  Accordingly, Johnson's claims are dismissed with prejudice.  **The Clerk is instructed to terminate Johnson as a plaintiff in this case.**

In light of the Court's dismissal of Johnson's claims, Defendant's Motion to Compel and Motion for Payment of Expenses (Doc. 18) is **denied**.  The parties' Joint Motion to Extend Deadline for Filing Dispositive Motions (Doc. 20) is also **denied**.

Ms. Mattox is directed to send a copy of this Order to Johnson by mailing said copy to the last address provided by her.

**SO ORDERED**, this the 16th day of December, 2009.

*s/   Hugh Lawson*

**HUGH LAWSON, SENIOR JUDGE**

mbh